WRIGHT, FINLAY & ZAK, LLP
Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
Regina A. Habermas, Esq.
Nevada Bar No. 8481
7785 W. Sahara Ave., Suite 200
Las Vegas, Nevada 89117
(702) 475-7964; Fax: (702) 946-1345
dnitz@wrightlegal.net
rhabermas@wrightlegal.net
*Attorneys for Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, not in its Individual Capacity but as Trustee of ARLP Trust 3*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP TRUST 3, <br><br> Plaintiff, <br><br> vs. <br><br> RED LIZARD PRODUCTIONS L.L.C., a Nevada limited liability company, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT** |

Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, not in its Individual Capacity but as Trustee of ARLP Trust 3 (hereinafter "Plaintiff"), by and through its attorneys of record, Dana Jonathon Nitz, Esq., and Regina A. Habermas, Esq., of the law firm of Wright, Finlay & Zak, LLP, and hereby complains against Defendant Red Lizard Productions L.L.C. as follows.

### JURISDICTION, VENUE AND PARTIES

1. The real property that is the subject of this civil action consists of a residence commonly known as 5236 Shasta Daisy Street, North Las Vegas, Nevada 89031, APN: 124-32-219-023 (hereinafter "Property").

2. Plaintiff is a division of Wilmington Savings Fund Society, FSB ("WSFS"), a federal savings bank chartered under the laws of the United States and authorized to do business in the State of Nevada.

3. Plaintiff's citizenship is determined by the citizenship of WSFS. WSFS has its main office in Wilmington, Delaware. Therefore, pursuant to 12 U.S.C. § 1464(x), Plaintiff is deemed a citizen of Delaware. See also, *Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707, 714-15 (9th Cir. 2014). As such, Plaintiff is a citizen of Delaware for purposes of diversity.

4. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as all Plaintiffs are "citizens of different States" from all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Plaintiff is now and at all times relevant herein was the assigned Beneficiary under the Deed of Trust signed by Miguel A. Chavez (hereinafter "Chavez"), recorded on June 14, 2007, (hereinafter "Deed of Trust"), which encumbers the Property and secures a promissory note.

6. Upon information and belief, Defendant Red Lizard Productions, L.L.C. (hereinafter "Buyer" or "Defendant") is a Nevada limited liability company, licensed to do business in the State of Nevada and claims to be the current titleholder of the Property.

7. Venue is proper in this judicial district, pursuant to 28 U.S.C. §§ 1391(b)(1)-(2), because Defendant does business in this district; a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district; and the Property that is the subject of this action is situated in this district, in North Las Vegas, Clark County, Nevada.

8. Jurisdiction is also proper in this judicial district because the Property that is the subject of this action is situated in this district, in North Las Vegas, Clark County, Nevada.

## GENERAL ALLEGATIONS

9. On or about June 14, 2007, Chavez purchased the Property.[1]

---

[1] A true and correct copy of the Grant, Bargain, Sale Deed recorded in the Clark County Recorder's Office as Book and Instrument Number 20070614-0004394 is attached hereto as **Exhibit 1**. All other recordings stated hereafter are recorded in the same manner.

10. The Deed of Trust executed by Chavez identified Countrywide Home Loans, Inc. as the Lender, ReconTrust Company, N.A. as the Trustee, and Mortgage Electronic Registration Systems, Inc. as nominee for Lender and Lender's successors and assigns ("MERS") was recorded on June 14, 2007 ("Deed of Trust") and secured a loan in the amount of $247,500.00 (hereinafter the "Chavez Loan").[2]

11. On August 13, 2008, an Assignment of Deed of Trust was recorded, whereby MERS assigned all beneficial interest in Chavez Loan to Countrywide Home Loans, Inc.[3]

12. On January 25, 2010, a Corporation Assignment of Deed of Trust was recorded, whereby MERS assigned all beneficial interest in the Chavez Loan to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP ("BAC Home Loans").[4]

13. On April 8, 2014, an Assignment of Deed of Trust was recorded, whereby Bank of America, N.A. successor by merger to BAC Home Loans assigned all beneficial interest in the Deed of Trust to Christiana Trust, a division of Wilmington Savings Fund, FSB, not in its individuals capacity but as Trustee of ARLP Trust 3, in c/o Altisource Asset Management Corporation.[5]

14. On June 3, 2014, an Assignment of Deed of Trust was recorded, whereby Bank of America, N.A. successor by merger to BAC Home Loans assigned all beneficial interest in the Deed of Trust to Plaintiff.[6]

15. On November 26, 2008, a Notice of Delinquent Assessment Lien (the "First Notice of Lien") was recorded against the Property by Nevada Association Services, Inc. ("HOA

---

[2] A true and correct copy of the Deed of Trust recorded as Book and Instrument Number 20070614-0004395 is attached hereto as **Exhibit 2.**

[3] A true and correct copy of the Assignment of Deed of Trust recorded as Book and Instrument Number 20080813-0002862 is attached hereto as **Exhibit 3.**

[4] A true and correct copy of the Corporation Assignment of Deed of Trust Nevada recorded as Book and Instrument Number 20100125-0001861 is attached hereto as **Exhibit 4.**

[5] A true and correct copy of the Assignment of Deed of Trust recorded as Book and Instrument Number 20140408-0000017 is attached hereto as **Exhibit 5.**

[6] A true and correct copy of the Assignment of Deed of Trust Nevada recorded as Book and Instrument Number 20140603-0000658 is attached hereto as **Exhibit 6.**

Trustee"), as agent for Treasures Landscape Maintenance Association ("HOA").[7]

**16.** On January 22, 2009, a Notice of Default and Election to Sell under Homeowners Association Lien (the "First Notice of Default") was recorded against the Property by the HOA Trustee on behalf of the HOA.[8]

**17.** On March 12, 2010, a Release of Notice Delinquent Lien was recorded against the Property by the HOA Trustee on behalf of the HOA, in which the HOA gave notice the First Notice of Lien was satisfied and released.[9]

**18.** Also on March 12, 2010, a Notice of Rescission was recorded against the Property by the HOA Trustee as agent for the HOA, pursuant to which the HOA rescinded the First Notice of Default.[10]

**19.** On November 18, 2010, a Notice of Delinquent Assessment Lien (the "Second Notice of Lien") was recorded against the Property by the HOA Trustee as agent for the HOA.[11]

**20.** Upon information and belief, on May 13, 2011, Chavez filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code, whereby Chavez initiated Case No. 2:11-bk-17470 in the United States Bankruptcy Court, District of Nevada (the "Bankruptcy Action").

**21.** Upon information and belief, on August 16, 2011, a Discharge of Debtor was entered in the Bankruptcy Action, pursuant to which Chavez' pre-petition debt to the HOA was discharged.

**22.** On October 4, 2011, a Notice of Default and Election to Sell under Homeowners Association Lien (the "Second Notice of Default") was recorded against the Property by the

---

[7] A true and correct copy of the Notice of Lien (HOA) recorded as Book and Instrument Number 20081126-0002872 is attached hereto as **Exhibit 7.**
[8] A true and correct copy of the Notice of Default (HOA) recorded as Book and Instrument Number 20090122-0002289 is attached hereto as **Exhibit 8.**
[9] A true and correct copy of the Release (HOA) recorded as Book and Instrument Number 20100312-0002417 is attached hereto as **Exhibit 9.**
[10] A true and correct copy of the Notice of Rescission (HOA) recorded as Book and Instrument Number 20100312-0002418 is attached hereto as **Exhibit 10.**
[11] A true and correct copy of the Notice of Default (HOA) recorded as Book and Instrument Number 20101118-0001630 is attached hereto as **Exhibit 11.**

1  HOA Trustee on behalf of the HOA.[12]

2      **23.**    Upon information and belief, on November 22, 2011, the Bankruptcy Action was
3  closed.

4      **24.**    On May 15, 2012, a Notice of Foreclosure Sale was recorded against the Property
5  by the HOA Trustee.[13]

6      **25.**    Upon information and belief, a non-judicial foreclosure sale occurred on
7  December 14, 2012 (hereinafter the "HOA Sale"), whereby Buyer acquired its interest in the
8  Property, if any, for $4,748.00.

9      **26.**    On December 20, 2012, a Foreclosure Deed was recorded by which Buyer
10  claimed its interest.[14]

11      **27.**    At the time of the HOA Sale, the amount owed on the Chavez Loan exceeded
12  $256,250.00.

13      **28.**    Upon information and belief, at the time of the HOA Sale, the fair market value of
14  the Property exceeded $140,000.00.

15      **29.**    The amount paid at the HOA Sale allegedly totaled $4,748.00.

16      **30.**    A homeowner's association sale conducted pursuant to NRS Chapter 116 must
17  comply with all notice provisions as stated in NRS 116.31162 through NRS 116.31168 and NRS
18  107.090.

19      **31.**    A lender or holder, such as Plaintiff, has a right to cure a delinquent homeowner's
20  association lien in order to protect its interest.

21      **32.**    Upon information and belief, the HOA and its agent, the HOA Trustee, did not
22  comply with all mailing and noticing requirements stated in NRS 116.31162 through NRS
23  116.31168.

---

[12] A true and correct copy of the Notice of Default (HOA) recorded as Book and Instrument Number 20111004-0000740 is attached hereto as **Exhibit 12**.
[13] A true and correct copy of the Notice of Sale (HOA) recorded as Book and Instrument Number 20120515-0002390 is attached hereto as **Exhibit 13**.
[14] A true and correct copy of the Foreclosure Deed recorded as Book and Instrument Number 20121220-0003743 is attached hereto as **Exhibit 14**.

33. A recorded notice of default must "describe the deficiency in payment."

34. The HOA Sale occurred without notice to Plaintiff, or its predecessors, agents, servicers or trustees, what portion of the lien, if any, the HOA and HOA Trustee claimed constituted a "super-priority" lien.

35. The HOA Sale occurred without notice to Plaintiff, or its predecessors, agents, servicers or trustees, whether the HOA was foreclosing on the "super-priority" portion of its lien, if any, or under the non-super-priority portion of the lien.

36. The HOA Sale occurred without notice to Plaintiff, or its predecessors, agents, servicers or trustees, of a right to cure the delinquent assessment and the super-priority lien, if any.

37. The HOA Sale violated Plaintiff's rights to due process because it was not given proper, adequate notice and the opportunity to cure the deficiency or default in the payment of the HOA's assessments and the super-priority lien, if any.

38. The HOA Sale was an invalid sale and could not have extinguished Plaintiff's secured interest because of defects in the notices given to Plaintiff or its predecessors, agents, servicers or trustees, if any.

39. Under NRS Chapter 116, a lien under NRS 116.3116(1) can only include costs and fees that are specifically enumerated in the statute.

40. A homeowner's association may only collect as a part of the super priority lien (a) nuisance abatement charges incurred by the association pursuant to NRS 116.310312 and (b) nine months of common assessments which became due prior to the institution of an action to enforce the lien (unless Fannie Mae and Freddie Mac regulations require a shorter period of not less than six months).

41. Upon information and belief, the HOA Foreclosure Notices included improper fees and costs in the amount demanded.

42. The attorney's fees and the costs of collecting on a homeowner's association lien cannot be included in the super-priority lien.

43. Upon information and belief, the HOA assessment lien and foreclosure notices

included fines, interest, late fees, dues, attorney's fees, and costs of collection that are not properly included in a super-priority lien under Nevada law and that are not permissible under NRS 116.3102 et seq.

**44.** The HOA Sale is unlawful and void under NRS 116.3102 et seq.

**45.** Upon information and belief, the Second Notice of Default and subsequent foreclosure notices included amounts discharged in the Bankruptcy Action that are not permissible under the Bankruptcy Code.

**46.** The HOA Sale is unlawful and void under the Bankruptcy Code.

**47.** The HOA Sale is unlawful and void because the "opt-in" provision in NRS 116.3116 does not satisfy Constitutional Due Process safeguards under the 5th and 14th Amendments to the United States Constitution, nor Clause 1, Section 8, of the Nevada Constitution, so that the statute is unconstitutional on its face.

**48.** The HOA Sale is unlawful and void because the statutory scheme set forth in NRS 116.3116, et seq. constitutes a regulatory taking of private property without adequate compensation so the statute is unconstitutional on its face.

**49.** NRS Chapter 116 is unconstitutional on its face as it lacks any express requirement for a homeowner's association or its agents to provide notice of a foreclosure to the lender, beneficiary or holder of a first deed of trust or mortgage.

**50.** NRS 116.31162 through NRS 116.31168 do not contain any provision requiring notice of a foreclosure to the lender, beneficiary or holder of a first mortgage or deed of trust, thus violating their constitutional right to due process.

**51.** NRS Chapter 116 is unconstitutional on its face as it lacks any express right by the lender, beneficiary or holder, or their respective trustees, servicers, agents, or representatives, to obtain payoff information for the super-priority portion, if any, of the homeowner's association lien or the express right to cure the default and protect the Deed of Trust, and it lacks an express obligation for a homeowner's association or its agents to accept a tendered payoff and release the super-priority portion of the lien.

**52.** NRS Chapter 116 is unconstitutional on its face due to vagueness and ambiguity.

53. The HOA Sale deprived Plaintiff of its right to due process because the foreclosure notices failed to identify the super-priority amount, to adequately describe the deficiency in payment, to provide Plaintiff notice of the correct super-priority amount, or to provide a reasonable opportunity to satisfy that amount.

54. A homeowner's association sale must be done in a commercially reasonable manner.

55. The sales price at the HOA Sale is not commercially reasonable, and not done in good faith, when compared to the debt owed to Plaintiff on the Chavez Loan and the fair market value of the Property.

56. The HOA Sale by which Buyer took its interest was commercially unreasonable if it extinguished Plaintiff's Deed of Trust.

57. In the alternative, the HOA Sale was an invalid sale and could not have extinguished Plaintiff's secured interest because it was not a commercially reasonable sale.

58. By not providing Plaintiff, or its predecessors, agents, servicers or trustees, notice of the correct super-priority amount and a reasonable opportunity to satisfy that amount, including its failure to identify the super-priority amount payment and its failure to adequately describe the deficiency in payment as required by Nevada law, the HOA Sale is commercially unreasonable and deprived Plaintiff of its right to due process.

59. The CC&Rs for the HOA provide, in Article VIII, "Mortgage Protection," in subsection (h), "The failure to pay assessments shall not constitute a default under an insured Mortgage."

60. The CC&Rs for the HOA provide in Section 12.04 that Plaintiff's Deed of Trust encumbers the Property, even in the event the HOA conducts a foreclosure sale (hereinafter, with Article VIII, referred to as the "Mortgagee Protection Clauses").[15]

61. The Mortgage Protection Clauses were expressly intended to "benefit the

---

[15] A true and correct copy of the Declaration of Covenants, Conditions & Restrictions and Reservation of Easements for Treasures recorded as Book and Instrument Number 19991025-0002321 is attached hereto as **Exhibit 15**.

Association and the membership of the Association, as a class of potential Mortgage borrowers and potential sellers of their respective Lots."

62. The CC&Rs for the HOA provide for rights and obligations to exercise the power of sale in enforcement of a lien in Article V, which the HOA and HOA Trustee violated.

63. Because of the Mortgagee Protection Clauses, and because Plaintiff, or its predecessors, agents, servicers or trustees, was not given proper notice that the HOA intended to foreclose on the super-priority portion of the dues owing, Plaintiff did not know that it had to attend the HOA Sale to protect its security interest.

64. Because the CC&Rs contained a Mortgagee Protection Clause, and because Plaintiff, or its predecessors, agents, servicers or trustees, was not given proper notice that the HOA intended to foreclose on the super-priority portion of the dues owing, the HOA breached its duties under the CC&Rs, making the HOA sale commercially unreasonable.

65. Because the CC&Rs contained a Mortgagee Protection Clause, and because proper notice that the HOA intended to foreclose on the super-priority portion of the dues owing was not given, prospective bidders did not appear for the HOA Sale, making the HOA Sale commercially unreasonable.

66. Buyer, the HOA and HOA Trustee knew that Plaintiff would rely on the CC&Rs including the Mortgagee Protection Clause, and knew that Plaintiff would not know that the HOA was foreclosing on super-priority amounts because of the failure of the HOA and HOA Trustee to provide such notice. Plaintiff's absence from the HOA Sale allowed Buyer to appear at the HOA Sale and purchase the Property for a fraction of market value, making the HOA Sale commercially unreasonable.

67. Buyer, HOA and HOA Trustee knew that prospective bidders would be less likely to attend the HOA Sale because the public at large believed that Plaintiff was protected under the CC&Rs including the Mortgagee Protection Clause of public record, and that the public at large did not receive notice, constructive or actual, that the HOA was foreclosing on a super-priority portion of its lien because HOA and HOA Trustee improperly failed to provide such notice. The general public's belief therefore was that a buyer at the HOA Sale would take title to the

Property subject to Plaintiff's Deed of Trust. This general belief resulted in the absence of prospective bidders at the HOA Sale, which allowed Buyer to appear at the HOA Sale and purchase the Property for a fraction of market value, making the HOA Sale commercially unreasonable.

68. The circumstances of the HOA Sale of the Property breached the HOA's and the HOA Trustee's obligations of good faith under NRS 116.1113 and their duty to act in a commercially reasonable manner.

69. Plaintiff is informed and believes that Buyer is a professional property purchaser.

70. The circumstances of the HOA Sale of the Property and Buyer's status as a professional property purchaser prevent Buyer from being deemed a bona fide purchaser for value.

71. Upon information and belief, Buyer had actual, constructive or inquiry notice of Plaintiff's first Deed of Trust, which prevents Buyer from being deemed a bona fide purchaser for value.

72. In the event Plaintiff's interest in the Property is not reaffirmed or restored, Plaintiff suffered damages in the amount of the fair market value of the Property or the unpaid balance of the Chavez Loan and Deed of Trust, at the time of the HOA Sale, whichever is greater, as a proximate result of Defendant's acts and omissions.

### FIRST CAUSE OF ACTION

**(Quiet Title/Declaratory Relief Pursuant to NRS 30.010 et seq. and NRS 40.010 et seq. versus Buyer)**

73. Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

74. Pursuant to NRS 30.010 et seq. and NRS 40.010, this Court has the power and authority to declare Plaintiff's rights and interests in the Property and to resolve Defendant's adverse claims in the Property.

75. Further, pursuant to NRS 30.010 et seq., this Court has the power and authority to declare the rights and interests of the parties following the acts and omissions of the HOA and

HOA Trustee in foreclosing the Property.

76. Plaintiff's Deed of Trust is a first secured interest on the Property as intended by NRS 116.3116(2)(b).

77. As the current beneficiary under the Deed of Trust and Chavez Loan, Plaintiff's interest still encumbers the Property and retains its first position status in the chain of title for the Property after the HOA Sale and is superior to the interest, if any, acquired by Buyer, or held or claimed by any other party.

78. Upon information and belief, Buyer claims an interest in the Property that is adverse to Plaintiff's interest.

79. Upon information and belief, the HOA and the HOA Trustee failed to provide proper, adequate and sufficient notices required by Nevada statutes, the CC&Rs and due process to Plaintiff and/or its predecessors; therefore, the HOA Sale is void and should be set aside or rescinded.

80. Based on the adverse claims being asserted by the parties, Plaintiff is entitled to a judicial determination regarding the rights and interests of the respective parties to the case.

81. For all the reasons set forth above and in the Factual Background, Plaintiff is entitled to a determination from this Court, pursuant to NRS 40.010, that Plaintiff is the beneficiary of a first position Deed of Trust, which still encumbers the Property and is superior to the interest held by Buyer and all other parties, if any.

82. In the alternative, if it is found under state law that Plaintiff's interest could have been extinguished by the HOA Sale, for all the reasons set forth above and in the Factual Background, Plaintiff is entitled to a determination from this Court, pursuant to NRS 40.010, that the HOA Sale was unlawful and void and conveyed no legitimate interest to Buyer.

83. Plaintiff has furthermore been required to retain counsel and is entitled to recover reasonable attorney's fees for having brought the underlying action.

### SECOND CAUSE OF ACTION

**(Permanent and Preliminary Injunction versus Buyer)**

84. Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth

herein.

**85.** As set forth above, Buyer claims an ownership interest in the Property that is adverse to Plaintiff.

**86.** Any sale or transfer of the Property, prior to a judicial determination concerning the respective rights and interests of the parties to the case, may be rendered invalid if Plaintiff's Deed of Trust still encumbers the Property in first position and was not extinguished by the HOA Sale.

**87.** Plaintiff has a reasonable probability of success on the merits of the complaint, for which compensatory damages will not compensate Plaintiff for the irreparable harm of the loss of title to a bona fide purchaser or loss of the first position priority status secured by the Property.

**88.** Plaintiff has no adequate remedy at law due to the uniqueness of the Property involved in the case.

**89.** Plaintiff is entitled to a preliminary and permanent injunction prohibiting Buyer, its successors, assigns, and agents from conducting a sale, transfer or encumbrance of the Property if Buyer or its transferee claims or will claim the sale, transfer or encumbrance to be made is free and clear of Plaintiff's Deed of Trust.

**90.** Plaintiff is entitled to a preliminary injunction requiring Buyer to pay all taxes, insurance and homeowner's association dues during the pendency of this action.

**91.** Plaintiff is entitled to a preliminary injunction requiring Buyer to segregate and deposit all rents with the Court or a Court-approved trust account over which Buyer has no control during the pendency of this action.

**92.** Plaintiff has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

### THIRD CAUSE OF ACTION
### (Unjust Enrichment versus Buyer)

**93.** Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

94. Plaintiff has been deprived of the benefit of its secured deed of trust by the actions of Buyer.

95. Buyer has benefitted from the unlawful HOA Sale and nature of the real property.

96. Buyer has benefitted from Plaintiff's payment of taxes, insurance and/or homeowner's association assessments since the time of the HOA Sale.

97. Should Plaintiff's Complaint be successful in quieting title against Buyer and setting aside the HOA Sale, Buyer will have been unjustly enriched by the HOA Sale and usage of the Property.

98. Plaintiff will have suffered damages if Buyer is allowed to retain its interest in the Property and the funds received from the HOA Sale.

99. Plaintiff will have suffered damages if Buyer is allowed to retain its interest in the Property and Plaintiff's payment of taxes, insurance and homeowner's association assessments since the time of the HOA Sale.

100. Plaintiff is entitled to general and special damages.

101. Plaintiff has furthermore been required to retain counsel and is entitled to recover reasonable attorney's fees for having brought the underlying action.

**PRAYER**

Wherefore, Plaintiff prays for judgment against the Defendant as follows:

1. For a declaration and determination that Plaintiff's interest is secured against the Property, and that Plaintiff's first Deed of Trust was not extinguished by the HOA Sale;

2. For a declaration and determination that Plaintiff's interest is superior to the interest of Buyer;

3. For a declaration and determination that the HOA Sale was invalid to the extent it purports to convey the Property free and clear to Buyer;

4. In the alternative, for a declaration and determination that the HOA Sale was invalid and conveyed no legitimate interest to Buyer;

5. For a preliminary and permanent injunction that Buyer, its successors, assigns,

and agents are prohibited from conducting a sale, transfer or encumbrance of the Property if it is claimed to be superior to Plaintiff's Deed of Trust or not subject to that Deed of Trust;

6. For a preliminary injunction that Buyer, its successors, assigns, and agents pay all taxes, insurance and homeowner's association dues during the pendency of this action;

7. For a preliminary injunction that Buyer, its successors, assigns, and agents be required to segregate and deposit all rents with the Court or a Court-approved trust account over which Buyer has no control during the pendency of this action.

8. If it is determined that Plaintiff's Deed of Trust has been extinguished by the HOA Sale, for special damages in the amount of the fair market value of the Property or the unpaid balance of the Chavez Loan and Deed of Trust, at the time of the HOA Sale, whichever is greater;

9. For general and special damages;

10. For attorney's fees;

11. For costs of incurred herein, including post-judgment costs; and

12. For any and all further relief deemed appropriate by this Court.

DATED this 25 day of September, 2015.

WRIGHT, FINLAY & ZAK, LLP

Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
Regina A. Habermas, Esq.
Nevada Bar No. 8481
7785 W. Sahara Ave., Suite 200
Las Vegas, Nevada 89117
*Attorneys for Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, not in its Individual Capacity but as Trustee of ARLP Trust 3*